McKAY, Circuit Judge,
concurring in part dissenting in part.
I agree with the majority’s discussion of the facial constitutionality of TEA-21. However, as to its “as-applied” discussion, the majority opinion splits the circuits without persuasive support for its position. I am persuaded by the position taken by both the Sixth and Seventh Circuits, and therefore dissent in part.
The flaw that I see in the majority’s opinion is its improper reliance on .cases that are inapposite. Cases like Monterey Mechanical Co., Builders Ass’n of Greater Chicago, Drabik, O’Donnell Construction Co., and Croson concern the constitutionality of state, municipal or county race-based remedial statutes or ordinances. The statute at issue in this appeal is a national, congressionally mandated statute. The importance of this distinction was appropriately noted in Tennessee Asphalt Co. v. Farris:
[T]he joint lesson of Fullilove and Cro-son [is] that the federal government can, by virtue of the enforcement clause of the Fourteenth Amendment, engage in affirmative action with a freer hand than states and municipalities can do. And one way it can do that is by authorizing states to do things that they could not do without federal authorization.
Farris, 942 F.2d 969, 975 (6th Cir.1991) (quoting Milwaukee County Pavers Ass’n v. Fiedler, 922 F.2d 419, 423-24 (7th Cir.1991)) (internal quotations omitted).
The majority discounts the importance of Farris because of its reliance on Milwaukee County Pavers. Maj. Op. at 997 *1004 n.9. The majority opines that it is improper to rely on Milwaukee County Pavers because it did not involve an “as-applied” challenge. Id. I respectfully- disagree.
Reading Milwaukee County Pavers as not discussing an as-applied challenge focuses too much on the opinion’s form instead of on its substance. This error is likely due to a slip of the authoring judge’s pen. The court, after stating that the plaintiffs did not “challenge the Act ... on its face [or] as applied[,]” phrased the plaintiffs’ argument as whether Supreme Court precedent demonstrates that “the set-aside program, as implemented in Wisconsin, is necessary to rectify invidious discrimination.” Milwaukee County Pavers, 922 F.2d at 423 (emphasis added). Whether the parties, or the court for that matter, use “proper” phraseology in articulating their arguments is, to me, irrelevant. Recognizing the apparent conflict of words in the opinion, I am forced to rely on the opinion’s substance.
The clear substance of the opinion in Milwaukee County Pavers concerns an as-applied challenge to a congressional enactment sought to remedy past discrimination. The plaintiffs did not “challenge the validity of the federal statute or regulations” because their only concern was how the presumptively valid federal statutory and regulatory laws were being implemented (or applied) by the state of Wisconsin. Id. The plaintiffs’ argument in Milwaukee County Pavers, quoted below, is strikingly similar to the argument presented in this case.
The [plaintiffs] point out that the remedial objective ... may be a fiction when it is applied to a liberal northern state with a relatively small minority population ... that does not even attempt to ascertain the existence of a legacy of discrimination that might justify favored treatment ■ for highway construction firms owned by blacks, or Hispanics, or American Indians, or Asians, or women.
Id. at 424. I see no difference between that argument and the one presented by Plaintiffs in our case. I also agree with the reasoning articulated in Milwaukee County Pavers that only when the state exceeds its federal authority is it susceptible to an as-applied constitutional challenge. Id. at 423-24.
In addition, the case relied upon by the majority to support their contention that an as-applied challenge is required supports my conclusion. In Sherbrooke Turf, Inc. v. Minnesota Department of Transportation, 345 F.3d 964, 968 (8th Cir.2003), the Eighth Circuit analyzed the affirmative action “program as implemented”[1] by Minnesota and Nebraska. In performing that analysis, the Eighth Circuit was concerned with whether the individual state followed the appropriate regulations, not with whether there was sufficient information to establish past discrimination within the state. See Sherbrooke Turf, 345 F.3d at 973 (explaining that MnDOT and NDOR each commissioned an independent expert to ensure compliance with 49 C.F.R. § 26.45(c)).
It cannot be legitimately disputed that Defendants have complied with TEA-21 and its implementing regulations. If the Plaintiffs are concerned that certain “minorities” are being “provide[d] an unconstitutional windfall ... solely on the basis of them race or sex,” Maj. Op. at 998, then they should follow the procedure outlined in the Code of Federal Regulations and *1005 attempt to rebut the presumption' of disadvantage, not file a federal lawsuit. See 49 C.F.R. § 26.67(b).
I respectfully dissent.

. I find it ironic that the actual language used in Sherbrooke, "as implemented,” is the same as that used in Milwaukee County Pavers, despite the majority's contention that they stand for different propositions.